## James Allen *vs.* Ann M. Lambden.

L., by agreement in writing, agreed to rent a house to B. for one year for $250, B. agreeing to give A. as security for the payment of the rent. This agreement was signed and sealed by B. and A., but not by L., and was not stamped. HELD: that as between L. and A., this agreement is not a lease: so far as A. is concerned, it is but an obligation under seal for the payment of money, and therefore subject to the stamp duty.

A lease imports a contract between lessor and lessee for the possession and

---

Allen vs. Lambden.

---

profits of lands, &c., on the one side, and a recompense by rent or other consideration on the other.

If by this agreement L. is the lessor, A. cannot be regarded as the lessee: the covenant, if there be any, as between L. and A., is, that B. shall have and enjoy the premises; the undertaking of A. is simply that of surety for the payment of the rent.

Covenants are not mentioned in terms in the stamp act of 1844, yet mortgages with covenants to pay the debt are within the act, though without covenants they are not.

The fact that the relation of landlord and tenant existed between L. and B., does not bring this agreement, so far as A. is concerned, within the principle of the case of *Burton vs. State*, 3 *Gill*, 1.

The affidavit allowed to be made by the 8th sec. of the act of 1844, ch. 280, may be taken at any time before the trial.

APPEAL from Anne Arundel county court.

This was an action of *covenant* by the appellee against the appellant, upon the instrument of writing set out in the opinion below. The defendant filed a general demurrer to the declaration, which the court overruled. The parties then agreed that the cause should be tried upon the following pleas:—1st. Payment by John L. Benjamin. 2nd. Payment by defendant. 3rd. *Non infregit conventionem*. The plea of *non est factum* was also put in, but the execution of the instrument by the defendant was afterwards admitted.

*Exception.* The plaintiff offered in evidence the instrument on which the suit was brought, which it was admitted was not upon stamped paper. The defendant objected to its admissibility, which objection the court, (Brewer, J.,) overruled. The defendant excepted, and the verdict and judgment being against him, he appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON, MASON and TUCK, J.

*N. Brewer, of Jno.*, for the appellant: The instrument in question, as between the appellant and appellee, is an obligation for the payment of money, and not being stamped, cannot, by the acts of 1844, ch. 280, sec. 8, and 1845, ch. 193, secs.

1, 2, be pleaded or given in evidence.   The case of *Burton*, *et al.*, *vs. The State*, 3 *Gill*, 1, decides, that a lease does not need a stamp, but this instrument is not a lease as between these parties.   As to them it wants all the essential requisites of a lease.   The appellant is not the lessee, he is a mere security for the payment of the rent.   The lessor does not sign it.

*Worthington* for the appellee:   The case in 3 *Gill*, 1, expressly decides, that a lease reserving rent in money or specifics need not be stamped.   The question then is, whether this instrument is such a lease?   It expressly reserves a rent in money, and the reservation of rent, *eo nomine*, constitutes a lease.   1 *Gill and Johns.*, 266, *Hoskins vs. Rhodes.*   But it is objected that the landlord does not sign it, but the appellant who has signed it cannot deny the recitals in the deed.

TUCK, J, delivered the opinion of the court.

The appellee sued the appellant in covenant on the following instrument, which, it is admitted, was signed and sealed by Benjamin and Allen, and which, it is also admitted, was not stamped.   It does not appear to have been executed by the appellee :

"Memorandum of articles of agreement entered into this eighth day of October, eighteen hundred and forty-eight, between Ann Lambden, of the city of Annapolis, State of Maryland, of the one part, and John L. Benjamin, of Anne Arundel county, of the other part:   The said Ann Lambden hereby agrees to rent to John L. Benjamin, the tavern house in the city of Annapolis, known as the Western Hotel, also the private dwelling and kitchen attached to the tavern, also the garden and yard, with the privilege of using the water from the pump standing in the yard, occupied by Mr. Edward Duvall, for one year, for the sum of two hundred and fifty dollars, said John L. Benjamin agreeing to give a security for the payment of the rent, and to pay the rent as follows: one-fourth of the rent every three months, the year commencing on the eighteenth day of October, and ending with the

36      v.2

seventeenth day of October 1849; this article also witnesseth, that James W. Allen agrees to be John L. Benjamin's surety for the payment of the rent, according to the above stipulation, as witness the hands and seals of the parties hereunto set, this eighteenth day of October, eighteen hundred and forty-eight.                              JOHN L. BENJAMIN,    ( Seal. )

JAMES W. ALLEN,    ( Seal. )"

The only question for our consideration is, whether this paper was admissible in evidence?

It is insisted on the part of the appellant, that this cause of action is a bond or obligation for the payment of money, and required to be stamped by the acts of 1844, ch. 280, and 1845, ch. 193.   On the part of the appellee, however, it is contended, that this is a lease reserving rent and not necessary to be stamped, upon the authority of the case of *Burton, et al., vs. State,* 3 *Gill,* 1.

Whatever may be thought of this instrument, as between the appellee and Benjamin, we do not consider it a lease as between her and the appellant.   A lease imports a contract between lessor and lessee for the possession and profits of lands, &c., on the one side, and a recompense by rent or other consideration, on the other.  5 *Bac. Abr. Lease,* 433, 601, *K., Ed.* 1844. *Archb. Landlord and Tenant,* 53 *Law Lib.,* 1, 45. Conceding that the appellee can be considered a lessor by operation of this agreement, the appellant is certainly not her lessee. If there be any covenant on the part of the appellee, as between herself and Allen, it is that *Benjamin* shall have and enjoy these premises.  In *Bacon's Abr.,* 602, *Lease K,* it is said, "If A covenants by articles with B, that he shall have and enjoy such land for such a time, this is a good and effectual present lease, because here are sufficient words to prove a contract, that the one shall relinquish the possession, and the other comes into it.  But if the covenant had been with B, that C, a third person, should have or enjoy such land of A for such a time, or that the executors of B should have or enjoy them for such a time, this would be no lease to C or to the executors of B, but only a bare covenant with B."  Moreover, this is not an agreement

between the appellee and Allen. It professes to be between her and Benjamin. Allen's undertaking is altogether separate and distinct from any idea of his being the lessee, or of the appellee's being his lessor. It is plain that he became surety only for the payment of the rent, according to the agreement between the other parties. We cannot ascribe to it, as far as Allen is concerned, any character but that of an obligation or agreement under seal, for the payment of money. Covenants are not, in terms, mentioned in the act of 1844, yet the Court of Appeals, under the other words of that act, considered that mortgages containing covenants to pay the debt, were within the act, though such instruments without covenants were not.

The counsel for the appellee suggests, that this case is within the principle of the decision in 3 *Gill*, 1, because the relation of landlord and tenant existed as between the appellee and Benjamin. We do not think that this fact relieves the case from the objection urged by the appellant. It would be unreasonable to say, that this instrument is a lease within the meaning of that decision, as between the parties to this suit, when there is no covenant or agreement which the appellant can enforce against the appellee. It is a mere security for the payment of the rent, as distinct from the lease and cannot be relieved from the payment of the stamp duty.

This court, in the case of *Berry vs. Holmed*, June 1850, decided that the affidavit allowed to be made by the 8th sec. of the act of 1844, ch. 280, may be taken at any time before the trial, we shall therefore order a *procedendo*.

*Judgment reversed and procedendo ordered.*